# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| EVANTSON INSURANCE COMPANY, an Illinois Corporation,<br><br>      Plaintiff,<br><br>v.<br><br>ROBB TECHNOLOGIES, LLC, a Nevada Limited Liability Company; ROBB MCGHIE, an individual; and JAMES MCGHIE, an individual,<br><br>      Defendants.<br><br>ROBB TECHNOLOGIES, LLC, a Nevada Limited Liability Company; ROBB MCGHIE, an individual; and JAMES MCGHIE, an individual,<br><br>      Counterclaimants,<br><br>v.<br><br>EVANTSON INSURANCE COMPANY, an Illinois Corporation,<br><br>      Counterdefendant. | Case No. 2:05-CV-1138-KJD-RJJ<br><br>**ORDER** |

Presently before the Court is Plaintiffs' Motion for an Order Dismissing Defendants' Complaint pursuant to FRCP 12(b)(1) and FRCP 12(b)(6) (#11).  The Defendants/Counterclaimants have filed an Opposition (#14).  Plaintiff elected not to file a Reply.

**I. Background**

This action arises out of Plaintiff Evanston Insurance Company's ("Evanston") refusal to pay for the defense of Defendants Robb Technologies, LLC ("ROBB") and James McGhie ("McGHIE"), manager of ROBB, in an underlying lawsuit.

On or about November 13, 2003, Plaintiff issued a Professional Liability and General Liability Policy to ROBB. The insurance policy was in effect between November 14, 2003 and November 14, 2004 and was retroactive to November 12, 2002.

On July 2, 2004, American Heavy Moving & Rigging, Co. ("AHM") filed a complaint against ROBB and McGHIE alleging breach of contract (against ROBB), misappropriation of trade secrets (against ROBB and McGHIE), misappropriation of confidential information (against ROBB and McGHIE), misappropriation of commercial properties (against ROBB and McGHIE), fraudulent inducement (against ROBB and McGHIE), negligence (against ROBB), and false advertising (against ROBB).

The dispute arose out of a contract entered into on or about September 7, 2001, between AHM and ROBB to design and develop a heavy haul transport system. As part of the agreement between the two companies, ROBB entered into a confidentiality agreement with AHM that limited ROBB's use of the consulting work, work product, inventions or ideas conceived under the agreement, and any business or technical information acquired by ROBB from AHM. According to the pleadings in the underlying action, AHM noticed that ROBB was promoting for sale a heavy haul transport system that incorporated information protected by the confidentiality agreement. ROBB then entered into an agreement with another company to construct a heavy haul system.

ROBB and McGHIE tendered defense to Evanston on July 23, 2004, and when no response was received, again on September 7, 2004. In a letter dated September 10, 2004, Plaintiff acknowledged it had a duty to defend ROBB, but denied it had a duty to defend McGHIE. ROBB and McGHIE retained the law firm of Bowman and Brooke LLP ("Bowman") to defend the AHM claim. However, Bowman was not admitted to practice in Nevada, so ROBB and McGHIE retained

1   the local law firm of Lewis and Roca ("Lewis") to act as lead counsel in their defense.  Evanston

2   paid some of the defense costs, but eventually decided to decline coverage under the policy.

3       On September 15, 2005, Evanston brought the original Complaint for declaratory relief

4   seeking a determination from the Court that it had no duty under the policy to defend ROBB and

5   McGHIE in the AHM suit.  In response, Defendants filed an amended answer and counterclaim

6   which included a claim for declaratory relief and several claims for breach of contract and bad faith.

7   **II. Motion to Dismiss**

8       In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken as

9   true and construed in a light most favorable to the non-moving party."  Wyler Summit P'ship v.

10  Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998).  However, the court does not necessarily

11  assume the truth of legal conclusions merely because they are cast in the form of factual allegations

12  in plaintiff's complaint.  See Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

13  There is a strong presumption against dismissing an action for failure to state a claim.  See Gilligan

14  v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997).  The court should not grant a motion to

15  dismiss "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set

16  of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41,

17  45-46 (1957); see also Hicks v. Small, 69 F.3d 967, 969 (9th Cir. 1995).  A claim is sufficient if it

18  shows that the plaintiff is entitled to any relief which the court can grant, even if the complaint

19  asserts the wrong legal theory or asks for improper relief.  See United States v. Howell, 318 F.2d

20  162, 166 (9th Cir. 1963).

21  **III. Analysis**

22      A. Motion to Dismiss

23      Plaintiff argues that all of Defendants' claims are "universally premature," and that they

24  should all be dismissed with the exception of the claim for declaratory relief.  Plaintiff also claims

25  that Defendants' second claim for breach of fiduciary duty must be denied under Nevada law.

26  Finally, Plaintiff asks this court to dismiss Defendants' sixth, seventh, and eighth counterclaims for

1    insurance bad faith (failure to investigate, unreasonable denial, and failure to respond to claim).  The

2    Court does not agree that the Defendants' claims are premature.

3    Much of Nevada case law discussing bad faith claims involves uninsured motorist coverage.

4    However, the reasoning applied in these cases is also applicable to an insurer's duty to provide a

5    defense to the insured in an underlying action.  Plaintiff's argument that an insured may only bring a

6    bad faith claim once the insured establishes legal entitlement to recovery is correct.  See Pemberton

7    v. Farmers Ins. Exchange, 858 P.2d 380, 384 (Nev. 1993).  However, Plaintiff's assertion that the

8    Defendants' bad faith claims are premature is without merit.  This Court has held that "Nevada law

9    does not require [Counterclaimants] to establish tortfeasor liability or the extent of damages as a

10   matter of law prior to instituting a claim for bad faith."  Drennan v. Maryland Casualty Co., 366

11   F.Supp.2d 1002, 1007 (D. Nev. 2005).  To dismiss Defendants' claims would require them to

12   commence two separate suits even if the facts establish Plaintiff had a duty to defend Defendants in

13   the AHM suit.  This would also result in "a waste of judicial resources when the parties otherwise

14   could conduct discovery on both issues simultaneously."  Id.  Therefore, the Court denies Evanston's

15   motion to dismiss defendants/counterclaimants' bad faith claims.

16   B. Bifurcation

17   Neither party has raised the possibility of bifurcation.  However, the Court may address the

18   issue sua sponte. In Re Paoli R.R. Yard PCB Litig., 113 F.3d 444, 452 n.5 (3rd 1997).  Rule 42(b) of

19   the Federal Rules of Civil Procedure authorizes the court to order a separate trial of any claim when

20   separation is in the interest of judicial economy, will further the parties' convenience, or will prevent

21   undue prejudice.  Fed. R. Civ. P. 42(b).  The decision to bifurcate is committed to the sound

22   discretion of the trial court.  Hirst v. Gertzen, 676 F.2d 1252, 1261 (9th Cir. 1982).  Bifurcation is

23   particularly appropriate when resolution of a single claim or issue could be dispositive of the entire

24   case.  See O'Malley v. United States Fidelity and Guaranty Co., 776 F.2d 494, 501 (5th Cir. 1985)

25   (bifurcation was proper when resolution of breach of insurance contract claim effectively disposed of

26   plaintiff's bad faith claim against insurance company).  However, bifurcation of the trial does not

4

1    necessarily require bifurcation of discovery.  See Foseco, Inc. v. Consol. Aluminum Corp., 851 F.

2    Supp. 369, 371 (E.D. Mo. 1991).

3         Bifurcating the declaratory relief claim from the bad faith claims is appropriate in the instant

4    case.  If Plaintiff prevails on its declaratory relief claim, there can be no basis for concluding that

5    Plaintiff acted in bad faith, i.e., violating the duty to act in good faith.  See American Excess Ins. Co.

6    v. MGM Grand Hotels, Inc., 729 P.2d 1352 (Nev. 1986) (no basis for bad faith claim against

7    insurance company when denial of benefits was based on reasonable interpretation of contract).

8    Therefore, a favorable finding for the Plaintiff in the declaratory relief claim would eliminate the

9    need for a second trial.  Under these circumstances, bifurcation furthers the interest in expedient

10   resolution of litigation.  Bifurcation will also simplify the issues for trial.  See Hirst, 676 F.2d at

11   1261.  In a bifurcated trial, the jury may hear the underlying breach of contract claim without the

12   issues being obscured by the concurrent presentation of evidence relating to the bad faith claims.

13   The Court therefore finds that any trial regarding the declaratory relief claim shall be bifurcated from

14   the bad faith claims.

15   C. Breach of Fiduciary Duty

16        Plaintiff asks this Court to dismiss Defendants' claim for breach of fiduciary duty because

17   Nevada law does not recognize an independent claim for breach of fiduciary duty against an insurer.

18   This Court agrees with other Nevada courts that an insurance contract is a special contract that can be

19   fiduciary in nature, but does not create a fiduciary relationship.  Martin v. State Farm Mut. Auto. Ins.

20   Co., 960 F. Supp. 233 (Dist. Nev. 1997).  The Nevada Supreme Court did affirm that an insurer's

21   duty to its policyholder is "akin" to a fiduciary relationship; however, it also clarified that this

22   conclusion "does not equate to the creation of a new cause of action."  Powers v. United Servs. Auto.

23   Ass'n., 979 P.2d 1286, 1288 (Nev. 1999).  There being no fiduciary duty, Defendants' claim alleging

24   breach of fiduciary duty fails to state a claim upon which relief can be granted and must be

25   dismissed.

26

**IV.  Conclusion**

Accordingly, IT IS HEREBY ORDERED that Plaintiff/Counterdefendant's Motion For an Order Dismissing Defendants' Complaint Pursuant to FRCP 12(b)(1) and FRCP 12(b)(6) **GRANTED** in part and **DENIED** in part.

IT IS FURTHER ORDERED that Plaintiff/Counterdefendant's Motion For an Order Dismissing Defendants' Complaint Pursuant to FRCP 12(b)(1) and FRCP 12(b)(6) as to the breach of fiduciary duty claim is **GRANTED**;

IT IS FURTHER ORDERED that Plaintiff/Counterdefendant's Motion to Dismiss the bad faith claims is **DENIED;**

IT IS FURTHER ORDERED that the declaratory relief action is bifurcated from the bad faith claims for trial.

DATED this 7th day of July 2006.

Kent J. Dawson
United States District Judge